Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT TOMPKINS, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SELIP & STYLIANOU, LLP; RAB PERFORMANCE RECOVERIES, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.    The mailing addresses of the parties to this action are:

ROBERT TOMPKINS
50 Beers Street, Apt. 5B
Keyport, New Jersey 07735

SELIP & STYLIANOU, LLP
10 Forest Avenue, Suite 300
Paramus, New Jersey 07652

RAB PERFORMANCE RECOVERIES, LLC
700 Kinderkamack Road, Suite 211
Oradell, New Jersey 07649

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, SELIP & STYLIANOU, LLP ("SELIP"); RAB PERFORMANCE RECOVERIES, LLC ("RAB PERFORMANCE")  and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SELIP is a law firm and maintains a location at 10 Forest Avenue, Suite 300, Paramus, New Jersey 07652.

8.      RAB PERFORMANCE maintains a location at 700 Kinderkamack Road, Suite 211, Oradell, New Jersey 07649.

Page 2 of 17

9.      SELIP uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     RAB PERFORMANCE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

11.     SELIP is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     RAB PERFORMANCE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

Page 3 of 17

15.    This Action is properly maintained as a class action. The Class is initially defined

as:

> All New Jersey consumers who were sent letters and/or notices from SELIP
> concerning a debt owned by RAB PERFORMANCE, which originated with
> JUNIPER BANK and which included the alleged conduct and practices
> described herein.
>
> The class definition may be subsequently modified or refined. The Class
> period begins one year prior to the filing of this Action.

16.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a
class action:

- a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

- b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i.     Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. .    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

   c.  Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

   d.  Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class

Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.    At some time prior to May 30, 2018, Plaintiff allegedly incurred a financial obligation to JUNIPER BANK ("JUNIPER").

22.    The JUNIPER obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

23.    The JUNIPER obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.    Plaintiff incurred the JUNIPER obligation by obtaining goods and services which were primarily for personal, family and household purposes.

25.    The JUNIPER obligation did not arise out of a transaction that was for non-personal use.

26.    The JUNIPER obligation did not arise out of a transaction that was for business use.

27.    The JUNIPER obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.    JUNIPER is a "creditor" as defined by 15 U.S.C. § 1692a(4).

Page **6** of 17

---

29.    At some time prior to May 30, 2018, the JUNIPER obligation was purchased by and/or sold to RAB PERFORMANCE.

30.    At the time the JUNIPER obligation was purchased by and/or sold to RAB PERFORMANCE, the obligation was in default.

31.    The principal purpose of RAB PERFORMANCE is the collection of debts which are in default at the time it purchases the debts.

32.    RAB PERFORMANCE has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

33.    RAB PERFORMANCE did not obtain a license from the New Jersey Department of Banking and Insurance prior to purchasing the obligation as required by law.  See *Veras v. LVNV Funding, LLC,* 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer,* 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin,* 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

34.    Sometime prior to May 30, 2018, RAB PERFORMANCE referred the JUNIPER obligation to SELIP for the purpose of collection.

35.    At the time the JUNIPER obligation was referred to SELIP the JUNIPER obligation was past due.

36.    At the time the JUNIPER obligation was referred to SELIP the JUNIPER obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

Page **7** of 17

37.     SELIP obtained a judgment against Plaintiff for the JUNIPER obligation on behalf of RAB PERFORMANCE in the Superior Court of New Jersey, Docket No.: DC-003649-09.

38.     In an attempt to collect on the judgment, Defendants caused to be delivered to Plaintiff a letter dated May 30, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

39.     RAB PERFORMANCE did not obtain a license from the New Jersey Department of Banking and Insurance prior to authorizing and/or causing SELIP to send its May 30, 2018 letter as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates*, 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

40.     The May 30, 2018 letter was sent to Plaintiff in connection with the collection of the JUNIPER obligation.

41.     The May 30, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

42.     Upon receipt, Plaintiff read the May 30, 2018 letter.

43.     The May 30, 2018 letter provides the following information regarding the balance claimed due on the JUNIPER obligation:

Account Balance: $2,243.47

44.     The May 30, 2018 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

Page **8** of **17**

45.     The outstanding balance claimed to be due by Defendants on the JUNIPER obligation as of May 30, 2018 included an amount for interest, fees and/or other charges.

46.     The May 30, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

47.     The May 30, 2018 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

48.     RAB PERFORMANCE is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

49.     RAB PERFORMANCE is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

50.     RAB PERFORMANCE is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

51.     The JUNIPER obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

52.     Alternatively, the JUNIPER obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

53.     RAB PERFORMANCE engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

54.     RAB PERFORMANCE engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

55.    At all times relevant to this matter, SELIP did not obtain a license as a consumer lender or a sales finance company issued by the New Jersey Department of Banking and Insurance.

56.    At all times relevant to this matter, SELIP did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

57.    At all times relevant to this matter, SELIP did not obtain a license issued by the New Jersey Department of Banking and Insurance.

58.    At all times relevant to this matter, SELIP did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

59.    At all times relevant to this matter, RAB PERFORMANCE did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

60.    At all times relevant to this matter, RAB PERFORMANCE did not obtain a license issued by the New Jersey Department of Banking and Insurance.

61.    At all times relevant to this matter, RAB PERFORMANCE did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

62.    As SELIP did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the JUNIPER obligation.

63.    As SELIP did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance during the time relevant to this matter, it was prohibited from attempting to collect on the JUNIPER obligation.

64.     As RAB PERFORMANCE did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the JUNIPER obligation.

65.     As RAB PERFORMANCE did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all relevant to this matter, it was prohibited from attempting to collect on the JUNIPER obligation.

66.     As RAB PERFORMANCE did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all relevant to this matter, SELIP was prohibited from attempting to collect on the JUNIPER obligation.

67.     As RAB PERFORMANCE did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all relevant to this matter, SELIP was prohibited from attempting to collect on the JUNIPER obligation.

68.     SELIP knew or should have known that its actions violated the FDCPA.

69.     RAB PERFORMANCE knew or should have known that its actions violated the FDCPA.

70.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

71.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

Page **11** of **17**

(b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)    Making a false representation of the character or amount of the debt.

72.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

73.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

74.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

75.    The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

76.    The form, layout and content of Defendant's letter would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

77.    The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

78.     A violation of New Jersey law, even if the law does not provide for a private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.*, 777 F.Supp.2d 823 (D.N.J. 2011).

79.     Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law  violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq.*

80.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

81.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

82.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

83.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

84.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

85.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the JUNIPER obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

86. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the JUNIPER obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

87. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

88. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

89. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

90. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

91. 15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

92. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

93. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

94. Defendant SELIP is vicariously liable for any violations of the FDCPA that RAB PERFORMANCE committed as described herein.

95. Defendant RAB PERFORMANCE is vicariously liable for any violations of the FDCPA that SELIP committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

96.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

97.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

98.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

99.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

100.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

101.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: August 7, 2018                          Respectfully submitted,

                                    By:    /s/ Ben A. Kaplan
                                           Ben A. Kaplan, Esq. (NJ 037712008)
                                           CHULSKY KAPLAN, LLC
                                           280 Prospect Avenue, 6G
                                           Hackensack, New Jersey 07601
                                           Phone (877) 827-3395 ex 102
                                           Cell Phone: (201) 803-6611
                                           Fax: (877) 827-3394
                                           ben@chulskykaplanlaw.com
                                           Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: August 7, 2018

                                           /s/ Ben A. Kaplan
                                           Ben A. Kaplan, Esq. (NJ 037712008)
                                           CHULSKY KAPLAN, LLC
                                           280 Prospect Avenue, 6G
                                           Hackensack, New Jersey 07601
                                           Phone (877) 827-3395 ex 102
                                           Cell Phone: (201) 803-6611
                                           Fax: (877) 827-3394
                                           ben@chulskykaplanlaw.com
                                           Attorneys for Plaintiff

# EXHIBIT A

# SELIP & STYLIANOU, LLP

Mitchell Selip, P.C. ▾ ◇
Harry Stylianou, P.C. ▾ ◇ ◇
Richard S. Eichenbaum, P.C. ◇ ▯
David A. Cohen, P.C. ▾
Mitchell G. Slamowitz, P.C. ▾

NY Office
199 Crossways Park Drive
Woodbury, New York 11797

**Attorneys at Law**
**10 Forest Avenue, Suite 300**
**Paramus, New Jersey 07652**
**(866) 848-8975**
Fax (201) 368-1435

Service not accepted by fax or email

Alicia Bursky-Stillman ▾
Bryan Houde ▾
Carol Van Houten ▾
Amelia Kunis ▾
Laura D. Yacht ▾
Davina Fagan ▾
Sally A. Abel ▾ ▾
Efstathios Georgiou ▾
Nicholas Reidy ▾
Latoya Duncan ▾
Arslan Akhtar ▾
Joseph Matza ▾
Margaret Leszkiewicz ▾
Andrew Tealer ◇
Joseph Ranaldo ▾

▾ Admitted NY   ◇ Admitted NJ
▯ Admitted FL   ▯ Admitted PA

May 30, 2018

ROBERT K TOMPKINS
PO Box 104
Belford NJ 07718-0104

Re:   Creditor: RAB PERFORMANCE RECOVERIES, LLC.
      Card Type: JUNIPER BANK MASTERCARD
      Account No. Ending In: 2196
      S&S File No.: ████3604
      Docket No.: DC-003649-09
      Judgment No.: VJ-008503-09
      Balance Due: $2,243.47   ████████████████████

Dear ROBERT K TOMPKINS:

Enclosed please find a Notice of Application for Wage Execution.

If you would like to discuss this matter, please contact us at (800) 293-6006 ext. 8950.
Please refer to our S&S file number (████3604) on all communications with this office.

Sincerely,

/s/ Andrew Tealer

By: Andrew Tealer

This communication is from a debt collector and is an attempt to collect a debt. Any information
obtained will be used for that purpose.

 

Filing Attorney's Name: Andrew Tealer - NJ Attorney ID Number: 02510-2011
SELIP & STYLIANOU LLP
10 Forest Avenue - Suite 300
P.O. Box 914 Paramus, NJ 07653-0914
201-368-2850
Attorneys for Plaintiff
S&S #: ███3604

```
------------------------------------X
RAB PERFORMANCE RECOVERIES, LLC
                          Plaintiff,

          -AGAINST-

ROBERT K TOMPKINS
                       Defendant(s).
------------------------------------X
```

DOCKET NO: DC-003649-09
J#: VJ-008503-09

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH COUNTY
SPECIAL CIVIL PART

CIVIL ACTION
*Notice of Application for Wage Execution
and Proof of Service*

TO:    ROBERT K TOMPKINS, PO Box 104, Belford NJ 07718-0104

TAKE NOTICE that application is being made by the judgment-creditor to the above-named Court, located at P.O. Box 1270, Freehold, NJ 07728-1270 for a Wage Execution Order to issue against your salary, to be served upon your employer, DELISA PALLET CORP., at 116 SOUTH AVENUE, MIDDLESEX, NJ 08846, for: (a) 10% of the gross salary when the same shall equal or exceed the amount of $217.50 per week; or (b) 25% of your disposable earnings for that week; or (c) the amount, if any, by which your disposable weekly earnings exceed $217.50, whichever shall be the least. Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld. In the event the disposable earnings so defined are $217.50 or less, if paid weekly, or $435.00 or less, if paid every two weeks, or $471.25 or less, if paid twice per month, or $942.50, or less, if paid monthly then no amount shall be withheld under this execution. In no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time. Your employer may not discharge, discipline or discriminate against you because your earnings have been subjected to garnishment.

You may notify the Clerk of the Court and the attorneys for judgment-creditor, whose address appears above, in writing, within 10 days after service of this notice upon you of your reasons why such an Order should not be issued and thereafter the application for the Order will be set down for a hearing of which you will receive notice of time and place.

If you do not notify the Clerk of the Court and judgment-creditor's attorney, or the judgment creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even *after* it has been issued by the Court. To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Clerk of the Court and send a copy to the creditor's attorney or directly to the creditor if there is no attorney. You will be entitled to a hearing within 7 days after you file your objection or application for a reduction.

CERTIFICATION OF SERVICE
I served the within Notice upon the judgment-debtor ROBERT K TOMPKINS, PO Box 104, Belford NJ 07718-0104, on or about this date, May 30, 2018, by sending it simultaneously by regular and certified mail to the judgment-debtor's last known address, set forth above. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 30, 2018

/s/ Andrew Tealer

Andrew Tealer
Attorney for Judgment-Creditor




## LIMITATIONS ON AMOUNT SUBJECT TO GARNISHMENT

The Maximum part of the total disposable earnings which is subject to garnishment in any work week may not exceed the lowest of the following:

(a) 25% of the disposable earnings for that week (15 U.S.C.A. § 1671-1677 INCLUSIVE, AS AMENDED.)

(b) The amount by which the disposable earnings for that week exceed $217.50 ($435.00 if pay period is every two (2) weeks; and $942.50 if pay period is monthly.) (15 U.S.C.A. § 1671-1677 INCLUSIVE, AS AMENDED.)

(c) 10% of gross earnings, when they amount or exceed the minimum gross weekly earnings as fixed by N.J.S.A. §2A:17-50 et seq. And § 2A:17-57 et seq.

THERE MAY BE NO GARNISHMENT if disposable earnings in a particular week are $217.50 or less ($435.00 if pay period is every two weeks and $942.50 if pay period is monthly.)

PROHIBITION AGAINST DISCHARGE FROM EMPLOYMENT. The law prohibits an employer from discharging any employee because his earnings have been subjected to garnishment for any one indebtedness. The term "one indebtedness" refers to a single garnishment proceeding, regardless of the number of levies made or creditors seeking satisfaction by means of the proceeding. (Title III of the Consumer Credit Protection Act, Public Law 90-231). Pursuant to New Jersey Law, no employee may be discharged for any garnishment N.J.S.A. §2 170-9000.04.

CRIMINAL PENALTIES FOR VIOLATIONS. Whoever willfully violates the discharge provisions of this law may be prosecuted criminally and fined up to $1,000.00 or imprisoned for not more than one year, or both.

## DEFINITIONS

EARNINGS means compensation paid or payable for personal services, whether called wages, salary, commission, bonus or otherwise and includes periodic payments pursuant to a pension or retirement program.

DISPOSABLE EARNINGS means that portion of earnings which remain after deduction therefrom of any amounts required by law, as for example: Federal Income Tax, Social Security Tax, State Unemployment Insurance Tax, New Jersey Emergency Transportation Tax and other state or municipal withholding deductions.

In accordance with the limitations prescribed by 15 U.S.C.A. § 1671-1677, inclusive and N.J.S.A. §2A:17-50 et seq. N.J.S.A. § 2A:17-57 et seq. on the amount of defendants salary which may be levied upon.

6.24.2016

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TOMPKINS ROBERT | SELIP & STYLIANOU, LLP; RAB PERFORMANCE RECOVERIES, LLC; and JOHN DOES 1-25. |

| (b) County of Residence of First Listed Plaintiff **Mercer County, NJ** | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, Email and Telephone Number)*<br>Ben Kaplan Esq. and Glen Chulsky Esq.<br>Chulsky Kaplan LLC, 280 Prospect Ave. 6G, Hackensack, NJ 07601,<br>ben@chulskykaplanlaw.com, (877) 827-3395 ex 102 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - of Property 21 USC 881
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692

Brief description of cause:
FDCPA Violation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                              DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/07/2018 | /s/ Ben Kaplan |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____